Tyler J. Anderson, ISB No. 6632
Kirk J. Houston, ISB No. 9055
MOFFATT, THOMAS, BARRETT, ROCK &
 FIELDS, CHARTERED
101 S. Capitol Blvd., 10th Floor
Post Office Box 829
Boise, Idaho  83701
Telephone  (208) 345-2000
Facsimile  (208) 385-5384
tya@moffatt.com
kjh@moffatt.com
25726.0001

Attorneys for Defendant
Remington Arms Company, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD CORBETT,<br><br>         Plaintiff,<br><br>vs.<br><br>REMINGTON ARMS COMPANY, LLC,<br><br>         Defendant. | Case No. 4:15-cv-00279<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** |

COMES NOW the defendant, Remington Arms Company, LLC ("Defendant" or "Remington"), by and through undersigned counsel, and files this Memorandum in Support of Defendant's Motion to Dismiss Count Three of the Complaint and Demand for Jury Trial filed with the Court on July 22, 2015 ("Complaint").

### I.   INTRODUCTION

This is a product liability action.  The plaintiff, Richard Corbett ("Mr. Corbett"), alleges that the Remington pistol he purchased at a C-A-L Ranch Store in Idaho Falls

accidentally discharged and caused him personal injury.  *See* CR 1 (Complaint) ¶¶ 3 and 5.  The Complaint asserts three counts against Remington under state law:  Strict Product Liability, Negligence, and Breach of Warranty.  *Id.*, ¶¶ 12-42.

Remington moves to dismiss Count Three – Breach of Warranty, because Idaho law does not recognize a breach of warranty claim in a product liability action alleging personal injury when the plaintiff and manufacturer are not in direct contractual privity.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows the Court to dismiss, for failure to state a claim, lawsuits that are "fatally flawed in their legal premises and destined to fail, and thus to spare litigants the burdens of unnecessary pretrial and trial activity."  *Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., Inc.*, 988 F.2d 1157, 1160 (Fed. Cir. 1993).  When considering Rule 12(b)(6) motions to dismiss, the Court must "take as true all allegations of material fact stated in the complaint and construe them in the light most favorable to the nonmoving party."  *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).  However, the Court is not obligated "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *Lord v. Swire Pac. Holdings, Inc.*, 203 F. Supp. 2d 1175, 1178 (D. Idaho 2002) (citing *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994)).

Under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 670, 678 (2009), a complaint must set forth more than mere "labels and conclusions," and must "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."  Thus, to survive a motion to dismiss, a complaint must "raise a right to relief above the speculative level" and "state a claim

to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570.  Facial plausibility is achieved only "when the plaintiff pleads factual content [from which] the court [can] draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 555 U.S. at 678; *see also Bauer v. Metro. Life Ins. Co.*, 2010 WL 2595291, *2-5 (D. Idaho June 23, 2010) (collecting Ninth Circuit and other cases applying *Twombly/Iqbal* and applying pleading standard on motion to dismiss).  Furthermore, a plaintiff's complaint must be dismissed if it either (1) lacks "a cognizable legal theory," or (2) lacks "sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Judicial notice may be taken of a fact to show that a complaint does not state a cause of action. *Sears, Roebuck & Co. v. Metro. Engravers, Ltd.*, 245 F.2d 67 (9th Cir. 1956).

### III.   ARGUMENT

Count Three of the Complaint should be dismissed, because "Idaho law does not recognize a breach of warranty claim in personal injury products liability actions which do not involve a contractual relationship between the manufacturer and the injured person." *Elliott v. Smith & Nephew*, Case No. 1:12-CV-0070-EJL-MHW, at *18 (D. Idaho Apr. 15, 2013) (citing *Oats v. Nissan Motor Corp.*, 126 Idaho 162, 172, 879 P.2d 1095, 1105 (Idaho 1994).  The Idaho Supreme Court addressed this very issue over twenty years ago.  In *Oats*, the plaintiff suffered personal injuries when riding as a passenger in a Datsun 280Z and sued the manufacturer, Nissan Motor Corporation ("Nissan"), for strict product liability and breaches of warranty under Article 2 of the Uniform Commercial Code.  *Id.* at 164, 879 P.2d at 1097.  The district court dismissed the plaintiff's claims for breach of warranty on summary judgment on grounds that the claims were time-barred.  *Id.*

On appeal, the Idaho Supreme Court affirmed the district court's dismissal of the plaintiff's breach of warranty claims but did so on grounds that, since the plaintiff and Nissan had no contractual relationship, breach of warranty could not serve as a basis for the award of personal injury damages:

> In this case, Oats seeks to recover damages for personal injuries. The UCC does provide for recovery of damages for personal injuries under its breach of warranty provisions. I.C. § 28-2-715(2)(b) (consequential damages resulting from seller's breach include personal injuries resulting from any breach of warranty). ***However, UCC breach of warranty actions for personal injuries are available only to a limited group of potential plaintiffs who are either in privity of contract with the manufacturer or seller, or who qualify as third party beneficiaries of the underlying sales contract***, as defined in I.C. § 28-2-318. It is undisputed that Oats is not in privity of contract with Nissan. Nor has Oats asserted that he qualifies as a third party beneficiary of a Nissan warranty under Section 28-2-318.

*Id.* at 169, 879 P.2d at 1102 (emphasis added). *See also Elliott*, Case No. 1:12-CV-0070-EJL-MHW, at *18-19 (citing *Oats* and dismissing breach of warranty claims asserted by plaintiffs who alleged personal injuries where no contractual privity existed between plaintiffs and defendant-manufacturer). The Idaho Supreme Court articulated its conclusion as follows:

> we conclude that when a plaintiff brings a non-privity breach of warranty action against a manufacturer or seller to recover for personal injuries allegedly sustained as a result of a defective product, that action is one for strict liability in tort, governed by the provisions of the IPLRA [Idaho Products Liability Reform Act]. Such an action should not be governed by the buyer and seller concepts of the UCC. "The remedies of injured consumers ought not to be made to depend upon the intricacies of the law of sales." While it follows from our holding that Oats's "breach of warranty" claim survives under the IPLRA's statute of limitations, we fail to see how, in a personal injury product liability action not involving a commercial relationship between the manufacturer and the injured person, Oats's warranty allegations add anything to his other allegations of strict liability and negligence.

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS - 4**

Client:3945120.1

*Oats*, 126 Idaho at 172, 879 P.2d at 1105 (citations omitted).

The holding and rationale articulated in *Oats* apply here with equal force. The only damages alleged in the Complaint are the result of personal injury. CR 1 (Complaint) ¶ 11 ("Plaintiff suffered a serious gunshot wound when the R51 Pistol unexpectedly and unintentionally discharged without a trigger pull. . . . Plaintiff has undergone multiple surgeries and other treatment as a result of the gunshot injury."). Additionally, Mr. Corbett alleges that he purchased the pistol at issue from a sporting goods store in Idaho Falls, Idaho, not from Remington. *See id.* ¶ 5 ("Plaintiff purchased the R51 Pistol on June 11, 2014, at C-A-L Ranch Store in Idaho Falls, Idaho."). Accordingly, no direct contractual privity between Mr. Corbett and Remington has been alleged to exist, nor is there an allegation of a commercial relationship between Mr. Corbett and Remington. Last, the Complaint contains no allegation that Mr. Corbett was an intended third-party beneficiary of a warranty made when Remington sold the pistol to the original purchaser.

## IV.   CONCLUSION

Idaho law does not allow Mr. Corbett to recover personal injury damages on a breach of warranty claim where the plaintiff and manufacturer have no contractual relationship. Count Three of the Complaint should therefore be dismissed.

DATED this 22nd day of September, 2015.

> MOFFATT, THOMAS, BARRETT, ROCK &
> FIELDS, CHARTERED
>
>
> By   */s/ Tyler J. Anderson*
>    Tyler J. Anderson – Of the Firm
>    Attorneys for Defendant Remington
>    Arms Company, LLC

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on the 22nd day of September, 2015, I filed the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| **James D. Ruchti**<br>james@idaholaw.us | **Joel A. Beck**<br>joel@idaholaw.us |
| **Richard A. Ramler**<br>rramler@ramlerlaw.com | |

                */s/ Tyler J. Anderson*
                Tyler J. Anderson

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION TO DISMISS - 6**