IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **RICHARD CORBETT,**<br><br>       Plaintiff,<br><br>v.<br><br>**REMINGTON ARMS COMPANY, LLC,**<br><br>       Defendants. | Case No.  4:15-cv-00279-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it Defendant Remington Arms Company, LLC's Motion to Dismiss (Dkt. 6).  The motion is fully briefed and at issue and would not be aided by oral argument. For the reasons explained below, the Court will grant the motion to dismiss, though it will allow Plaintiff Richard Corbett an opportunity to amend.

## FACTS

In June 2014, Corbett purchased a Remington R51 pistol from a sporting goods stores in Idaho Falls, Idaho.  Shortly after he purchased the pistol, Corbett was shot in the abdomen when the gun "unexpectedly and unintentionally discharged without a trigger

pull." *Compl.,* Dkt. 1, ¶ 11.  Corbett was in the hospital for around a month after the injury, and he has undergone multiple surgeries and other treatment.  He says the Remington pistol was defective and alleges three claims:  strict products liability, negligence, and breach of warranty.

Remington moves to dismiss the third claim, for breach of warranty.  In responding to the motion to dismiss, Corbett did not confine himself to allegations of his complaint.  Instead, in an effort to shore up his warranty claim, he submitted an affidavit stating that when he purchased the pistol, he received an owner's manual and a warranty registration card from Remington.  Mr. Corbett says he is confident he filled out the warranty card and returned it to Remington.  *See Corbett Aff.*, Dkt. 12-1, ¶¶ 9-12.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While a complaint attacked by a Rule 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*.

The Supreme Court identified two "working principles" that underlie *Twombly* in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  First, the court need not accept legal conclusions that are couched as factual allegations as true; the trial court "can choose to begin by identifying pleadings that, because they are no more than conclusions, are not

entitled to the assumption of truth." *Id.* Rule 8 does not "unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 678-79. Second, to survive a motion to dismiss, a complaint must state a plausible claim for relief. *Id.* at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir. 2009) (issued 2 months after *Iqbal*). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe, Inc. v. Northern California Collection Service, Inc.,* 911 F.2d 242, 247 (9th Cir. 1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *See Hydrick v. Hunter*, 466 F.3d 676, 685 (9th Cir. 2006).

## ANALYSIS

1.   **Consideration of the Corbett Affidavit and Related Materials**

Preliminarily, the Court notes that it will not consider materials outside the pleading in determining whether warranty claim should be dismissed. The Court could consider the materials plaintiff submitted (the affidavit and exhibits) and convert the motion into one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by

MEMORANDUM DECISION AND ORDER - 3

the court, the motion must be treated as one for summary judgment under Rule 56."); *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007) (trial court, within its discretion, may exclude the extrinsic materials or convert the proceeding to a summary judgment motion.). In this case, however, the Court has determined that the better course is to focus on the complaint as it was originally drafted and filed. The Court will consider the extraneous materials only in determining whether to grant Corbett an opportunity to amend his complaint.

2.     **The Breach of Warranty Claim**

In his third claim, Corbett alleges that Remington breached express and implied warranties. He alleges that, because of these breaches, he has suffered "damages, including incidental and consequential damages, . . . ." *Compl.*, Dkt. 1, ¶ 42. The factual allegations, however, reveal that Corbett is seeking personal injury damages. *See id.* ¶ 11 (alleging that Corbett suffered a serious gunshot wound and that he has undergone multiple surgeries and other treatment as a result of the gunshot injury).

In *Oats v. Nissan Motor Corp.*, 879 P.2d 1095 (Idaho 1994), the Idaho Supreme Court held that a plaintiff may pursue UCC breach of warranty claims for personal injuries only if: (a) the plaintiff is in contractual privity with the manufacturer or seller, or (b) the plaintiff qualifies as a third party beneficiary of the underlying sales contract. *Id.* at 1102 ("UCC breach of warranty actions for personal injuries are available only to a limited group of potential plaintiffs who are either in privity of contract with the manufacturer or seller, or who qualify as third party beneficiaries of the underlying sales contract, as defined in I.C. § 28-2-318."). If plaintiffs do not fit within this limited group,

MEMORANDUM DECISION AND ORDER - 4

they may pursue their claim for personal injuries under Idaho's product liability action – not the UCC. *Id.* at 1105. As the Idaho Supreme court explained in *Oats,* the plaintiff's "breach of warranty action to recover for personal injuries is essentially a strict liability claim in tort, and it should be governed by the provisions of the ILPRA, . . . rather than the provisions of the UCC." *Id.*; *see also Puckett v. Oakfabco, Inc.*, 979 P.2d 1174, 1183 (Idaho 1999) (in a product liability action, "UCC warranties apply only to those in privity of contract with the manufacturer and those who qualify as third party beneficiaries of the underlying sales contract . . . .").

Corbett's warranty claim, as presently drafted, is foreclosed under *Oats* because he has not alleged any facts demonstrating that he falls within the limited class of plaintiffs identified above – *i.e.*, plaintiffs in contractual privity with the defendant or plaintiffs who are third party beneficiaries of the underlying sales contract.

Regarding privity, Corbett has not alleged that Remington sold or contracted to sell the pistol at issue to anyone other than C-A-L Ranch Store. Privity of contract thus exists between C-A-L Ranch Store and Remington – but not between Mr. Corbett and Remington. And Corbett has not even argued that he qualifies as a third party beneficiary plaintiff. His warranty claims are therefore subject to dismissal under *Oats. Accord Wilson v. Amneal Pharms., LLC,* No. 1:13-cv-333-CWD, 2013 WL 6909930, #15 (D. Idaho Dec. 31, 2013) (dismissing breach of express and implied warranty claims in a personal injury action arising from an allegedly defective drug); *Elliott v. Smith & Nephew, Inc.*, No. 1:12-cv-70-EJL-MHW, 2013 WL 1622659 at *8 (D. Idaho Apr. 15,

2013) (dismissing plaintiffs' breach of express and implied warranty claims in a personal injury action arising from an alleged defective medical device).

Corbett advances two related arguments to avoid this difficulty.

First, he says *Oats* is inapplicable because Mr. Oats did not purchase the allegedly defective product in that case – a Nissan automobile – whereas Mr. Corbett did purchase the allegedly defective pistol. Yet nothing in *Oats* suggests that the Idaho Supreme Court would have reached a different holding had Mr. Oats purchased the Nissan himself. Granted, lack of privity was undisputed in that case, so the court did not tackle the issue. But still, the overriding point in *Oats* is that a non-privity breach of warranty action against a manufacturer to recover for personal injuries is governed by Idaho's product liability act – not the Uniform Commercial Code. 879 P.2d at 1105. Further, as Remington correctly points out, other Idaho case authority supports the notion that an end consumer, such as Corbett, who buys from a retailer is not in contractual privity with the manufacturer. *See, e.g., Am. W. Enters., Inc. v. CNH, LLC,* 316 P.3d 662, 670 (Idaho 2013) ("It is generally recognized that an authorized dealer is not an agent of a manufacturer absent some quantum of control.").

Corbett next argues that he will be able to establish privity of contract – presumably for both express and implied warranties – by alleging that he filled out a warranty card and returned it directly to Remington. Corbett says such an allegation would definitively establish privity, yet he does not cite a single authority supporting this proposition. *See Response Br.,* Dkt. 12, at 2 (asserting that the "written warranty provides the privity of contract between Plaintiff and Remington . . . ."). Nor does

MEMORANDUM DECISION AND ORDER - 6

Corbett explain how the existence of a warranty card would somehow dispense with the basic proposition that contractual privity is linked to the underlying sales contract. *See generally* 1 White & Summers, *Uniform Commercial Code* § 12:2 (6th ed.) (explaining that a plaintiff who purchases a product, but does not buy it directly from the defendant, is not in privity with that defendant). Further, as Remington points out, if Mr. Corbett wishes to allege an express warranty claim, he would need to allege the terms of that warranty. *See In re Sony PS3 "Other OS" Litig.*, 551 Fed. Appx. 916, 919 (9th Cir. 2014) (unpublished decision) ("'A manufacturer's liability for breach of an express warranty derives from, and is measured by, the terms of that warranty.' A plaintiff must allege 'the exact terms of the warranty.'") (internal citations omitted).

Under these circumstances, the Court will dismiss Corbett's claim for breach of implied warranty with prejudice. The complaint, as drafted, does not state a claim for breach of implied warranty, and the Court is not convinced that he will be able to allege any facts supporting such a claim. At best, the existence of a warranty registration card might support an *express* warranty claim, but Corbett has not convinced the Court that any such warranty would include implied warranties.

The Court will allow Corbett an opportunity to amend his complaint in his effort to establish a claim for breach of an express warranty based on the existence of the warranty registration card. The Court has some reservations as to whether Corbett will be able to either allege facts showing that he falls within the class of plaintiffs that may pursue such actions, or, alternatively, that privity is not required in such an action. Additionally, it seems unlikely that an express warranty would extend to the personal

MEMORANDUM DECISION AND ORDER - 7

injury damages plaintiff seeks here.  Finally, the Court cannot see any particular advantage plaintiff gains by pursuing a claim for breach of an express warranty when he is already pursuing a strict products liability claim for personal injuries.  *See Oats,* 879 P.2d at 1105 ("we fail to see how, in a personal injury product liability action not involving a commercial relationship between the manufacturer and the injured person, Oats's warranty allegations add anything to his other allegations of strict liability and negligence); *see generally* 1 *White, Summers, & Hillman, Uniform Commercial Code* § 12:4 (6th ed.) (observing that "[p]ersonal-injury plaintiffs in most jurisdictions will thus seek recovery on a theory of strict tort liability under 402A,[1] under the local tort variant of 402A, or under the successor to 402A . . . .").  Nevertheless, in an abundance of caution, the Court will grant Corbett leave to amend his complaint to allege an express warranty claim.

## ORDER

**IT IS ORDERED THAT** Remington's Motion to Dismiss Corbett's third claim for relief is **GRANTED.**

---

[1] *See* Restatement Second, Torts, § 402A, entitled "Special Liability of Seller of Product for Physical Harm to User or Consumer."

MEMORANDUM DECISION AND ORDER - 8

**IT IS FURTHER ORDERED** that Mr. Corbett may file an amended complaint alleging an express warranty claim. **If Mr. Corbett chooses to file an amended complaint, it must be filed within 21 days of this Order.**

DATED: May 2, 2016

_____
B. Lynn Winmill
Chief Judge
United States District Court